UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

HEALTH & WELFARE FUND OF THE UNITED
FOOD & COMMERCIAL WORKERS LOCAL 2013,
AFL-CIO BY ITS TRUSTEES LOUIS MARK
CAROTENUTO and STANLEY FLEISHMAN,

**COMPLAINT**

CV-18- 1453

                        Plaintiff,

    -against-

NORTH SHORE LINEN, INC.,

                        Defendant.
---------------------------------------------------------------X

       Plaintiff HEALTH & WELFARE FUND OF THE UNITED FOOD & COMMERCIAL WORKERS LOCAL 2013, AFL-CIO BY ITS TRUSTEES LOUIS MARK CAROTENUTO and STANLEY FLEISHMAN ("Plaintiff LOCAL 2013 HEALTH & WELFARE FUND"), by its attorneys, BRADY McGUIRE & STEINBERG, P.C., for its Amended Complaint, respectfully alleges:

       1.    This is an action to recover fringe benefit contributions owed to an employee fringe benefit trust fund and for the breach of the terms and conditions of a collective bargaining agreement pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA") and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185 et seq. ("LMRA"), respectively.

### JURISDICTION & VENUE

       2.    The subject matter jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, along with Section 301(c) of the LMRA, 29 U.S.C. § 185(c).

3. Venue is properly laid in the Eastern District of New York pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that, as shown below, Plaintiff LOCAL 2013 HEALTH & WELFARE FUND is administered from its office located at 9235 Fourth Avenue, Brooklyn, New York.

## THE PARTIES

4. Plaintiff LOCAL 2013 HEALTH & WELFARE FUND is a joint trustee fund established by a trust indenture pursuant to Section 302 of the LMRA, 29 U.S.C. § 186. The Trustees of the LOCAL 2013 HEALTH & WELFARE FUND maintain the subject plan at an office located at 9235 Fourth Avenue, Brooklyn, New York.

5. LOUIS MARK CAROTENUTO and STANLEY FLEISHMAN are Trustees of Plaintiff LOCAL 2013 HEALTH & WELFARE FUND and are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. Plaintiff LOCAL 2013 HEALTH & WELFARE FUND is an employee health benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and established for the purpose of providing medical benefits to eligible participants.

7. Plaintiff LOCAL 2013 HEALTH & WELFARE FUND constitutes a multi-employer/employee benefit plan within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

8. Upon information and belief, Defendant NORTH SHORE LINEN, INC. ("NORTH SHORE LINEN") was and still is a New York corporation with its principal place of business located at 20 Rider Place, Freeport, New York.

9. Upon information and belief, Defendant NORTH SHORE LINEN was and still is a foreign corporation duly licensed to do business in the State of New York.

10. Upon information and belief, Defendant NORTH SHORE LINEN was and still is a foreign corporation doing business in the State of New York.

11. Upon information and belief, Defendant NORTH SHORE LINEN is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and Section 301 of the LMRA, 29 U.S.C. § 185.

## AS AND FOR A FIRST CAUSE OF ACTION
## (BREACH OF COLLECTIVE BARGAINING AGREEMENT)

12. Plaintiff LOCAL 2013 HEALTH & WELFARE FUND repeats and realleges each and every paragraph of the Complaint numbered 1 through 11 inclusive with the same force and effect as though more fully set forth at length herein.

13. At all times relevant hereto, Defendant NORTH SHORE LINEN agreed to be bound by the terms and conditions of a collective bargaining agreement with United Food & Commercial Workers Local 2013, AFL-CIO ("Local 2013") (hereinafter referred to as the "Collective Bargaining Agreement").

14. Local 2013 is a labor organization as defined in Section 2 of the LMRA, 29 U.S.C. § 152 et seq., having its principal office for the transaction of business located at 9235 Fourth Avenue, Brooklyn, New York.

15. Upon information and belief, for the period of December 1, 2017 through January 31, 2018, Defendant NORTH SHORE LINEN has failed to remit payment of contractually required fringe benefit contributions in the amount of $93,740.00.

16. Defendant NORTH SHORE LINEN remains delinquent in making the proper contributions and has failed to pay any portion of the outstanding contributions owed to Plaintiff LOCAL 2013 HEALTH & WELFARE FUND as detailed above.

17. Accordingly, as a direct and proximate result of the defaults, omissions and breaches of the Collective Bargaining Agreement by Defendant NORTH SHORE LINEN, said Defendant is liable to Plaintiff LOCAL 2013 HEALTH & WELFARE FUND in the amount of $93,740.00.

## AS AND FOR A SECOND CAUSE OF ACTION
## (BREACH OF ERISA OBLIGATIONS)

18. Plaintiff LOCAL 2013 HEALTH & WELFARE FUND repeats and realleges each and every paragraph of the Complaint numbered 1 through 17 inclusive with the same force and effect as though more fully set forth at length herein.

19. The failure of Defendant NORTH SHORE LINEN to make the required fringe benefit contribution payments to Plaintiff LOCAL 2013 HEALTH & WELFARE FUND for the period of December 1, 2017 through January 31, 2018 in the amount of $93,740.00 is a violation of Section 515 of ERISA, 29 U.S.C. § 1145 which requires that employers pay fringe benefit contributions in accordance with the terms and conditions of the applicable collective bargaining agreement.

20. Defendant NORTH SHORE LINEN remains delinquent in making the proper contributions and has failed to pay any portion of the outstanding contributions owed to Plaintiff LOCAL 2013 HEALTH & WELFARE FUND as detailed above.

21. Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to Plaintiff Trust Funds: (a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff Trust Fund's Plan, or if none, at the rate set forth in the United States Internal Revenue Code at 26 U.S.C. § 6621; (c) liquidated damages; (d) reasonable attorneys' fees; and (e) the costs and disbursements of the action.

22. Accordingly, as a direct and proximate result of the breach of the Collective Bargaining Agreement by Defendant NORTH SHORE LINEN and as a result thereof having violated Section 515 of ERISA, 29 U.S.C. § 1145, Defendant NORTH SHORE LINEN is liable to Plaintiff LOCAL 2013 HEALTH & WELFARE FUND in the amount of $93,740.00, together with accumulated interest on the unpaid and/or untimely paid principal amount due and owing, liquidated damages, reasonable attorneys' fees and the costs and disbursements incurred in this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

**WHEREFORE**, Plaintiff LOCAL 2013 HEALTH & WELFARE FUND demands judgment on the First Cause of Action as follows:

1. Of Defendant NORTH SHORE LINEN, INC., the contributions determined to be due and owing in the amount of $93,740.00.

**WHEREFORE**, Plaintiff LOCAL 2013 HEALTH & WELFARE FUND demands judgment on the Second Cause of Action as follows:

1. Of Defendant NORTH SHORE LINEN, INC., the contributions determined to be due and owing in the amount of $93,740.00, together with:

  a. Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by Defendant, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

  b. Liquidated damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

  c. Attorneys' fees, costs and disbursements in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

  d. Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

Dated: Tarrytown, New York
   March 8, 2018

            Yours, etc.,

            BRADY McGUIRE & STEINBERG, P.C.

      By: James M. Steinberg (JS-3515)
         Attorneys for Plaintiff
         U.F.C.W. Local 2013 Health & Welfare Fund
         303 South Broadway, Suite 234
         Tarrytown, New York 10591
         (914) 478-4293